UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DUSTIN RUDD,

    Plaintiff,

v.                                          Case No.:

COMMERCIAL METALS CO.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Dustin Rudd, by and through undersigned counsel, herby sues Commercial Metals Company ("Defendant") and in support of states as follows:

**NATURE OF ACTION**

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Plaintiff worked for Defendant in Duval County, Florida.

6. Defendant is a Foreign Profit Corporation.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA.

9. Defendant is considered an "employer" within the meaning of the ADAAA.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability during his employment.

12. Plaintiff is a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

14. The EEOC issued a "Dismissal and Notice of Rights" letter on or about October 21, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

15. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

16. Plaintiff began his employment with the Defendant on or about December 18, 2019.

17. In or around early May 2020, Plaintiff began to experience chest pains that required him to seek medical attention.

18. Plaintiff requested leave from on or about May 15, 2020 until on or about May 17, 2020 and returned to work on or around May 18, 2020.

19. While at work for Defendant, on or around May 18, 2020, Plaintiff again began to experience chest pains that required him to go to the Emergency Room.

20. Plaintiff was diagnosed with Pectus Carinatum.

21. Pectus Carinatum is a genetic disorder of the chest wall.

22. Plaintiff's Pectus Carinatum causes him extreme pain in or around his chest and substantially limits his ability to lift objects.

23. Plaintiff was advised by doctors that he could return to work on or around May 21, 2020, but with "light duty" restrictions that restricted any "heavy lifting".

24. Subsequently, Plaintiff contacted Defendant and advised them of his disability and of the "light duty" restrictions.

25. Upon returning to work on or around May 21, 2020, Plaintiff was terminated.

26. Plaintiff has satisfied all conditions precedent, or they have been waived.

27. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination and Failure to Accommodate under the ADAAA

28. All allegations prior to Count I are reallaged and incorporated herein.

29. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

30. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

31. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

32. Defendant terminated Plaintiff because of his disability.

33. Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

34. As a direct and proximate cause of Defendant's unlawful discharge of Plaintiff and failure to accommodate Plaintiff's disability, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 18th day of January, 2022 by:

>/s/ Jason B. Woodside
>Jason B. Woodside, Esq.
>FL Bar No. 104848
>Woodside Law, P.A.
>100 South Ashley Drive
>Suite 600
>Tampa, FL 33602
>T: (813) 606-4872
>F: (813) 333-9845
>Email: Jason@woodsidelawpa.com
>*Trial Counsel for Plaintiff*